# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY MEJIA, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-528-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF, AND THAT DISMISSAL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff William J. Gradford is a detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 14, 2017, Plaintiff filed the original complaint in this case, (ECF No. 1), which is currently before the Court for screening.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a detainee who is currently housed at the Stanislaus Public Safety Center ("SPSC"), in Modesto, California, where the events at issue occurred.

Plaintiff names the following individuals as defendants: Deputy Mejia, employed by the SPSC as a "jailer/sheriff," and Deputy Yousefpoor, also employed by SPSC as a "jailer/sheriff."

Plaintiff alleges as follows: On or about March 29, 2017, Deputy Mejia opened/ read Plaintiff's legal mail letter, incoming from the United States District Court Eastern District of California (Fresno District) Office of the Clerk, without him being present or without his permission. The letter was marked official business underneath on front of letterhead.

Plaintiff alleges that he submitted a request for administrative relief on this claim, but did not appeal it to the highest level. Plaintiff has Deputy Mejia's grievance response admitting his guilt, and Sergeant Johnson stated that he would take care of it administratively.

Also on or about March 31, 2017, Deputy Yousefpoor open/read Plaintiff's two incoming legal mail letters (one kraft, one regular) from the United States District Court Eastern District of California Office of the Clerk, Fresno Division. It clearly stated on the front, underneath the letters' heading, "official business." The letters were opened without Plaintiff being present and without his permission.

Plaintiff alleges that he submitted a request for administrative relief on this claim, but did not appeal it to the highest level. Plaintiff has Deputy Yousefpoor's grievance response admitting his guilt, and Sergeant Johnson stated that he would take care of it administratively.

Plaintiff is seeking monetary damages for the violation of his rights.

### III.

### DISCUSSION

#### A. First and Sixth Amendment Mail Protections

Plaintiff seeks to bring two claims alleging his mail rights were violated. Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate government interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). For example, inmates and detainees may have their mail screened to ensure the there is no contraband inside. Mangiaraci v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017).

When incoming mail is legal mail, there are heightened concerns with allowing prison officials unfettered discretion in opening and reading an inmate's mail "that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right to access to the courts." Sallier v. Brooks, 343 F.3d 868, 874 (6th Cir. 2003). Nevertheless, not all mail that a prisoner receives from a legal source will implicate constitutionally protected "legal mail" rights. Id.

"Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998). See also Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (district

court properly dismissed an inmate's claim with respect to mail opened by prison employees outside of his presence from the United States courts, because such mail is not legal mail). Rather, correspondence from a court to a litigant generally contains publically-accessible documents. See id. (quoting Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

In this case, the mail did not originate from a protected source, such as an attorney. Plaintiff pleaded that the mail was from the Clerk's office of the United States District Court Eastern District of California (Fresno District). Mail from the courts does not implicate any constitutional protections, despite being marked "official business." Even if Plaintiff's mail was opened/read by Defendants outside of Plaintiff's presence, the mail was not protected legal mail.

Based on the foregoing, Plaintiff has failed to state a cognizable claim for relief. Due to the nature of Plaintiff's allegations, the Court is persuaded that Plaintiff will be unable to allege any additional facts that would support a claim here. Therefore, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446–1449 (9th Cir. 1987). See also Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

**B.    State and Local Law Violations**

Plaintiff states that Defendants' acts violated unspecified state and local laws. Plaintiff has not stated any cognizable federal claim. In the absence of such a claim, this Court should not exercise supplemental jurisdiction over any state law claim or violation of local law that Plaintiff may allege. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction).

**C.    Joinder of Claims**

Plaintiff alleges that he has filed two prior lawsuits, and requests to combine this lawsuit with those two other pending lawsuits.

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. However, Federal Rule of Civil Procedure 20 allows for permissive joinder and identifies two

prerequisites for the joinder of defendants: (1) a right to relief must be asserted against the defendants jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all defendants will arise. Fed. R. Civ. P. 20(a). District courts retain broad discretion in applying Rule 20. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296-1297 (9th Cir. 2000) (whether severance is appropriate under Rule 20 lies within the sound discretion of the trial court); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the requirements of Rule 20 are satisfied, courts must examine other relevant factors to determine whether permissive joinder will comport with principles of fundamental fairness).

Here, Plaintiff seeks to combine this action with two other pending actions: (1) Gradford v. McDougall, et al., Case No. 1:17-cv-00201-GSA (PC) (E.D. Cal.), and (2) Gradford v. Stanislaus County Sheriff Department, et al., Case No. 1:17-cv-00414-GSA (PC) (E.D. Cal.). It is unclear whether any claims from those actions are related to the claim in this action, as Plaintiff did not describe the allegations, causes of action, defendants, or otherwise indicate whether these claims are related. Thus, Plaintiff has not shown that joinder of his cases here is appropriate. Most importantly, because the Court recommends that this action be dismissed for failure to state a cognizable claim, Plaintiff's joinder request is a moot point.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing analysis, it is HEREBY RECOMMENDED that the action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted

Further, the Court HEREBY RECOMMENDS that this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g).

These findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 12, 2017**

UNITED STATES MAGISTRATE JUDGE